IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD HAERTLEIN,

      Plaintiff,

v.                                          No. CV 20-796 GBW/CG

AMERIFIELD, INC., et al.,

      Defendants.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

**THIS MATTER** is before the Court on Plaintiff Richard Haertlein's *Opposed Motion for Leave to Amend Complaint* (the "Motion"), (Doc. 40), filed February 18, 2021; Defendants' *Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint* (the "Response"), (Doc. 43), filed March 5, 2021; and Plaintiff's *Reply in Support of His Motion for Leave to Amend Complaint* (the "Reply"), (Doc. 47), filed March 19, 2021. This matter was assigned to Chief United States Magistrate Judge Carmen E. Garza on January 22, 2021. Thereafter, on March 22, 2021, United States Magistrate Judge Gregory B. Wormuth, who is presiding by consent, (Doc. 31), referred this case to the undersigned to perform legal analysis and recommend an ultimate disposition. (Doc. 49).

After considering the parties' briefing and the relevant law, the Court **RECOMMENDS** that Plaintiff Richard's Haertlein's Motion be **GRANTED**.

**I.    Factual and Procedural Background**

The Plaintiff filed his original Complaint in state court on April 5, 2020, including claims for personal injury, *respondeat superior,* negligence, negligent entrustment, breach of contract, bad faith, and statutory violations resulting from a tractor trailer

accident. (Doc. 1-2 at 1, 3). Defendants removed the case to federal court on August 10, 2020. (Doc. 1). Thereafter, the Court held a Rule 16 Scheduling Conference and entered a Scheduling Order, setting a discovery deadline of April 15, 2021, which the Court later extended to May 17, 2021. (Doc. 24); (Doc. 25); (Doc. 46). Plaintiff's deadline for amending the Complaint was December 16, 2020. (Doc. 25 at 1).

On February 18, 2021, Plaintiff filed the instant Motion, seeking to amend his Complaint to name two additional defendants, Jason Alfawadi and Airborne Trucking LLC. (Doc. 40-1). In particular, Plaintiff's proposed amendment names Jason Alfawadi and Airborne Trucking LLC as defendants and raises new claims against them for *respondeat superior,* negligence and negligent entrustment. *Id.* at 5-7. Defendants Amerifield, Inc. and Assad Abbas oppose the Motion, arguing Plaintiff's request to amend is untimely and without good cause. *See* (Doc. 43).

## II.    Standard of Review

Generally, a plaintiff may file an amended pleading within 21 days of service without leave of court. Fed. R. Civ. P. 15(a)(1). Otherwise, Rule 15(a)(2) of the Federal Rules of Civil Procedure requires the opposing party's written consent or leave of the court. A plaintiff should be "afforded an opportunity to test his claims on the merits" where the "underlying facts or circumstances relied upon . . . may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An untimely filing of plaintiff's motion "is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (affirming district court's denial of plaintiff's leave to amend when motion was filed four months late). The

decision to grant leave to amend a complaint is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Leave to amend a complaint should be "freely given" unless there exists an apparent or declared reason why it should not be permitted. *Foman,* 371 U.S. at 182. Such reasons include, but are not limited to, "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018); *see also Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

Further, where the moving party's motion to amend is filed *after* the scheduling order deadline for amending pleadings, the moving party must additionally demonstrate good cause to modify the scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Navarro v. New Mexico Dep't of Pub. Safety*, 2:16-cv-1180 JMC/CG, 2018 WL 2770134, at *1 (D.N.M. June 8, 2018). This standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Finally, whether the nonmoving party would suffer prejudice is the "most important[ ] factor in deciding a motion to amend the pleadings[.]" *Minter*, 451 F.3d at 1207-08. "Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their response to the amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations and alteration omitted). Courts most often make such a finding "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual

issues." *Minter*, 451 F.3d at 1208. Thus, an amendment may be found to be prejudicial "if its timing prevents the defendant from pursuing a potentially promising line of defense[.]" *Id.* at 1209.

## III.    Analysis

Plaintiff seeks to amend his Complaint to name Jason Alfawadi and Airborne Trucking LLC as defendants, and to raise new claims of *respondeat superior,* negligence, and negligent entrustment. (Doc. 40); (Doc. 40-1 at 5-7). Plaintiff explains that on February 3, 2021, he learned for the first time from Defendants' responses to written discovery that Amerifield owned only the trailer portion of the tractor trailer, whereas Jason Alfwadi of Airborne Trucking owned the tractor portion. (Doc. 40 at 1); (Doc. 47 at 5.) He contends this information is material, requiring him now to seek relief against these two additional parties. *See* (Doc. 40). Plaintiff further notes that denial of the Motion would lead to unnecessary additional litigation; namely, Plaintiff would likely file a separate identical action against Jason Alfawadi and Airborne Trucking LLC, because the statute of limitations for his tort claims does not expire until September 2022. (Doc. 47 at 5-6).

Defendants Amerifield, Inc. and Assad Abbas oppose the Motion, arguing Plaintiff's request to amend is untimely and "Plaintiff has offered no justification for the delay." (Doc. 43 at 1). Defendants contend that "Amerifield plainly identified the existence" of the additional parties, and of "the owner/operator agreement between Amerifield and Mr. Alfawadi," in its initial disclosures, as well as in the *Joint Status Report*, (Doc. 21), filed on October 9, 2021. (Doc. 43 at 3); (Doc. 21 at 10). Defendants

argue that Plaintiff's failure to amend the Complaint upon learning these facts from the initial disclosures should foreclose amendment now. (Doc. 43 at 1-3).

"Lateness does not of itself justify the denial of [a motion to amend]." *Minter*, 451 F.3d at 1205 (quotation omitted). The Court must focus on the reasons for the delay in determining whether undue delay exists. *Id.* at 1206. The Court may

> properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial.

*Minter*, 451 F.3d at 1206 (quotations and citations omitted).

Here, Plaintiff initially believed Defendant Amerifield owned the entire tractor trailer involved in the accident. *See* (Doc. 47). However, on February 3, 2021, Defendant Airfield provided "a copy of the Independent Contractor Agreement between Airborne and Alfawadi," which changed Plaintiff's understanding of the facts. *Id.* at 4. As Plaintiff explains, Amerifield's February 3, 2021 discovery responses showed that Amerifield owned only the trailer portion of the tractor trailer, whereas Jason Alfwadi of Airborne Trucking owned the tractor portion. *Id.* at 5. As such, it does appear, as Plaintiff contends, that he learned new and material information which necessitated his filing of this Motion, and thus Plaintiff has satisfied Rule 16's requirement of explaining the delay in seeking to amend his Complaint.

Moreover, Defendants have mischaracterized Plaintiff's basis for seeking to amend the Complaint. Plaintiff does not allege, as Defendants imply, that he learned of the *existence* of the additional parties for the first time on February 5, 2021, but rather that he learned the nature of the parties' *involvement* at that time. *See* (Doc. 40 at 1).

Thus, the Court does not find Plaintiff is making the Complaint a moving target or otherwise acting in bad faith. *Minter*, 451 F.3d at 1206. Indeed, "[t]he purpose of [Rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* at 1204 (quotations omitted).

Additionally, Defendants have failed to show they would be unduly prejudiced by the amendment Plaintiff seeks. *Warnick*, 895 F.3d at 755. First, the deadline for Plaintiff to amend his Complaint without leave of the Court was December 16, 2020, (Doc. 25 at 1), and Plaintiff filed this Motion only two months later on February 18, 2021, (Doc. 40). *See*, *e.g.*, *Navarro*, 2018 WL 2770134, at *1, 2 (granting leave to amend where plaintiff filed his motion nine months after the deadline to amend). Further, the parties have over a month remaining to conduct discovery, which terminates on May 17, 2021, and no trial has yet been set. (Doc. 46). Additionally, the parties are always free to request an extension of the discovery deadline upon a showing of good cause. That therefore leaves the parties adequate time to engage in discovery of the newly-asserted claims. *Id.*

The Court's decision in *Tuoni v. Metro. Prop. & Cas. Ins. Co.*, 1:16-cv-1291 GBW/KBM, 2017 WL 3701869, at *2 (D.N.M. Aug. 22, 2017), is instructive here. There, as in the instant case, the plaintiff filed a motion to amend the complaint, and the parties disputed not the futility of such amendment but rather whether it would unduly prejudice the defendant. *Id.* In particular, the defendant argued that it would be prejudiced by the plaintiff's amendment, which sought to remove a declaratory judgment claim, because it had relied on the plaintiff's declaratory judgment claim in deciding to omit a similar counterclaim from its answer. *Id.* at *3. The Court determined that the defendant had

failed to show prejudice, because the defendant could still either amend its answer to include such a counterclaim, or seek dismissal or summary judgment on the basis of that counterclaim. *Id.* Here, similarly, the Court finds Defendants have failed to adequately explain how they would suffer the requisite prejudice as a result of the proposed amendment. First, they can amend their Answer to conform to the additional claims and parties. *See id.* at *3 (permitting defendant to amend its answer as of right to assert a counterclaim responsive to the plaintiff's amendments). Moreover, as explained above, Defendants are not sufficiently prejudiced by any timing issues as a result of this Motion.

Therefore, since Plaintiff has adequately explained his delay in seeking to amend the Complaint, and Defendants have failed to show the requisite prejudice, the Court will **RECOMMEND** that Plaintiff be **GRANTED** leave to file his Amended Complaint.

## IV.    Conclusion

The Court therefore **RECOMMENDS** that Plaintiff's *Opposed Motion for Leave to Amend Complaint*, (Doc. 40), be **GRANTED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE